**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JENNIFER MARIE CHILDS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-1367-O-BP** |
| | § | |
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion for Voluntary Dismissal Without Prejudice that *pro se* Plaintiff Jennifer Childs filed on June 1, 2026 (ECF No. 22). American Airlines, Inc. has not filed a response to the Motion. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion and **DISMISS** the case without prejudice.

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. Fed. R. Civ. P. 41(a). Rule 41(a)(1) provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Rule 41(a)(1) voluntary dismissals are without prejudice. Fed. R. Civ. P. 41(a)(1)(B). "The effect of a Rule 41(a)(1) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) (cleaned up).

On June 1, 2026 when Childs moved for voluntary dismissal, American Airlines, Inc. had filed a Motion to Dismiss (ECF No. 18) but had neither answered in this case nor filed a motion

for summary judgment. *See In re Amerijet Intern., Inc.*, 785 F.3d 967, 973-74 (5th Cir. 2015), as revised (May 15, 2015) (holding that a motion to dismiss is not considered an answer nor a summary judgment motion for purposes of Rule 41(a) voluntary dismiss analysis.).

Under these circumstances, dismissal without prejudice is appropriate under the Federal Rules. Fed. R. Civ. P. 41(a)(1)(B). For these reasons, the Court views Childs's Motion for Voluntary Dismissal as a notice of voluntary dismissal under Rule 41(a)(1) and **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motion and **DISMISS** the case without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on June 24, 2026.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2